State Bank v. Wilson et al.

THE PRESIDENT, DIRECTORS AND COMPANY OF THE STATE BANK OF ILLINOIS, plaintiffs in error, v. THOMAS WILSON et al., defendants in error.

*Error to Schuyler.*

A mortgagee foreclosed his mortgage by *scire facias* against the mortgagors, and afterwards filed a bill in Chancery against them and a subsequent purchaser, who pleaded the foreclosure in bar of the proceeding in Chancery: *Held*, that the proceedings by *sci. fa.* and in Chancery were concurrent remedies; that the mortgagor must elect which of them he would pursue, and that when he has made an election, he must abide by it.

Under the statutory proceedings to foreclose a mortgage by *sci. fa.* the judgment is *in rem*, and only binds the mortgaged premises. A purchaser under such judgment acquires all the right in the mortgaged premises which the mortgagor had at the time of the execution of the mortgage. Subsequent purchasers or incumbrancers must redeem as in case of an ordinary sale on execution.

Where a bill in Chancery avers a fact, which, if presented by a special replication to the plea thereto, (were such practice allowable,) would remove the bar, then such fact must be met by an answer. The plea should present the legal bar alone, leaving unnoticed any matter in the bill which meets that bar, and the answer comes in as a rejoinder to such matter as stands for a special replication to the plea.

BILL IN CHANCERY, in the Schuyler Circuit Court, to foreclose a mortgage, &c. by the plaintiffs in error against Thomas Wilson and wife, and Hart Fellows.

The latter pleaded in bar, that the mortgagees had already foreclosed their mortgage by *scire facias*, and that the same was fully satisfied by a sale of the mortgaged premises to them. At the August special term 1846, the Hon. Norman H. Purple presiding, the plea was adjudged good and the bill dismissed with costs.

*W. A. Minshall*, for the plaintiffs in error, relied on the following points and authorities for a reversal of the decree of the Circuit Court: *Marine Ins. Co.* v. *Hodgson*, 2 Peters' Cond. R. 518; *Montgomery* v. *Brown*, 2 Gilm. 585; *Saunders* v. *Jennings*, 2 J. J. Marsh. 513; 2 Story's Eq. Jur. 173, § 887; Ibid. 252, 256; *James* v. *Morey*, 2 Cowen, 320; 3 Atkins, 303, 558; 1 Smith's Ch. Pr. 227; 6 Vesey, 536, 599; *Jackson* v. *DeLancey*, 13 Johns. 535.

A plea to the relief only must give the discovery asked. 1 Smith's Ch. Pr. 218; *King* v. *Hemming*, 9 Sim. 59; Beames' Eq. Pl. 33, 34; 6 Maddock's Ch. R. 61; Story's Eq. Pl. 644.

*Scire facias* is only authorized against the mortgagor, his heirs and administrators. Rev. Stat. 304.

A foreclosure to correct a mistake after a *scire facias*, is allowed. *Willis* v. *Henderson*, 4 Scam. 14.

Also, where a Court of Equity obtains jurisdiction, it will retain the case till the parties are put into possession under the decree. *Aldrich* v. *Sharp*, 3 Scam. 261.

*R. S. Blackwell*, for the defendant in error, relied upon the following points and authorities:

1. The proceeding by *scire facias* at Law, to foreclose a mortgage, is a concurrent remedy with a bill in Chancery. The mortgagee has an election to proceed at Law by *sci. fa.*, or in Equity by bill; but having made an election of the *sci. fa.*, he is bound by it; and if the remedy be inadequate, or the proceedings on the *sci. fa.* erroneous, he must abide by the result of his election. It is an established maxim of jurisprudence, that in all cases of concurrent jurisdiction, that Court which first obtains jurisdiction of the subject matter of the controversy, must determine it exclusively, and all other Courts will refuse relief. *Smith* v. *McIvers*, 9 Wheaton, 532; *Hawley* v. *Mancius*, 7 Johns. Ch. R. 182; *Taylor* v. *Porter*, 1 Dana, 425; *Keith* v. *Humphries*, 1 Marsh. 13; *Simpson* v. *Hart*, 1 Johns. Ch. R. 91; *Abrams* v. *Camp*, 3 Scam. 290.

2. The proceedings at Law on a *sci. fa.* to foreclose a mortgage are *in rem*, and it is a well settled principle in such proceedings, that all persons who could have asserted a right to the property, become parties to the proceedings; and all judgments founded on such proceedings, whether they relate to real or personal property, are held valid and binding, as being *res judicatæ*, in every other country, in respect to all matters of right, title, transfer and disposition of the property against which the judgment was rendered. 1 Kent's Com. 119, note *c.* and cases there cited.

3. The statute provides that the mortgagor, or, if he be dead, then his heirs, executors or administrators shall be made parties to the *scire facias;* and further provides, that the mortgagor, his heirs, executors, administrators or grantee, may redeem the land from the sale which takes place under this proceeding in twelve months, and that the judgment creditors of the mortgagor may redeem from said sale within fifteen months, in the same manner prescribed for the redemption of lands sold at sheriffs' sales under ordinary judgments and executions. We insist that, upon the true construction of this statute, if the mortgagor, his heirs, grantees, or judgment creditors, do not redeem within the time and in the manner pointed out in this statute, that their and each of their equities of redemption are as effectually barred and foreclosed as if they were made parties to a bill of foreclosure in Chancery and neglected to redeem according to the terms of the decree. Rev. Stat. 304–5, §§ 23, 24; *Biggerstaff* v. *Loveland,* 8 Ohio, 44–9.

The Opinion of the Court was delivered by

CATON, J.* The State Bank filed this bill in the Schuyler Circuit Court against Wilson and wife and Fellows, to foreclose a mortgage, executed by Wilson and wife on the 29th day of October, 1835, which was duly acknowledged and recorded on the same day, which, the bill avers, still remains unpaid and unsatisfied and charges Fellows as a subsequent purchaser with notice, who, the bill also avers, was in possession of the mortgaged premises, and prays a foreclosure of the mortgage and the delivery up of all deeds &c. in possession of the defendants, relating to the mortgaged premises, and for general relief. This bill was filed on the 25th of January, 1845; on the first day of September, 1845, the bill was taken for confessed, as to all of the defendants, and on the same day, on the application of Fellows, the default was set aside and he was permitted to file a plea, which states that

---

*WILSON, C. J. and Justices KOERNER and DENNING did not sit in this case.

the complainant had previously foreclosed the same mortgage by *sci fa.*, obtained judgment for the amount due, which still remains unreversed, &c., issued a special execution, upon which the premises were sold on the 8th of February, 1840, and bid in by the Bank for the amount of the judgment, whereby the same became satisfied.

This plea, upon a hearing, was held to be sufficient by the Court, and a bar to the relief sought by the bill, which was accordingly dismissed. In determining the sufficiency of this plea, it is necessary that we should inquire into the effect of a foreclosure by *scire facias* under our statute, which provides, that if default be made in the payment of any sum of money secured by mortgage on lands and tenements duly executed and recorded, and if the payment be by instalments, and the last instalment shall have become due, it shall be lawful for the mortgagee, his executors or administrators, to sue out a writ of *scire facias* from the clerk's office of the Circuit Court of the county in which the said mortgaged premises may be situated or any part thereof, directed to the sheriff or other proper officer of such county, requiring him to make known to the mortgagor, or if he be dead to his heirs, executors, or administrators, to show cause if any they have, why judgment should not be rendered for such sum of money as may be due by virtue of said mortgage, and upon the appearance of the party named as defendant in said writ of *scire facias*, the Court may proceed to judgment as in other cases; but if said *scire facias* be returned *nihil* or that the defendant be not found, an *alias scire facias* may be issued; and if it be returned as aforesaid, or if the defendant appear and plead or make default, the Court may proceed to give judgment, with costs, for such sum as may be due by said mortgage, or appear to be due by the pleadings, or after the defence, if any be made; and also that said mortgaged premises be sold to satisfy such judgment, and may award or direct a special writ of *fieri facias* for that purpose to the county or counties in which said mortgaged premises may be situate, and on which the like proceedings may be had, as in other cases of execution levied upon real estate; provided howev-

er, that the judgment aforesaid shall create no lien on any other lands or tenements than the mortgaged premises, nor shall any other real or personal property of the mortgagor be liable to satisfy the same; but nothing herein contained shall be so construed, as to affect any collateral security given by the mortgagor for the payment of the same sum of money, or any part thereof, secured by the mortgage deed. Rev. Stat. 304, § 23.

This statute prescribes a mode of foreclosing a mortgage in the Courts of Law, and the judgment rendered must have the effect of a judgment at law, against the mortgaged premises alone. The judgment rendered in this proceeding is *in rem*, and can affect nothing but the property described in the mortgage. It creates no new lien upon the mortgaged premises, but is merely a means of making available the lien which was created by the execution and recording of the mortgage. The purchaser under the judgment acquires all the right in the mortgaged premises, which the mortgagor had at the time of the exection of the mortgage, entirely unaffected by the title or lien of purchasers or incumbrancers subsequent to the recording of the mortgage or with notice, who, in order to save themselves, must redeem as in case of an ordinary sale on execution at law. With this view of the law, it seems impossible to discover any legitimate object which the complainant may have had in filing this bill. He says in argument, his object is to quiet his own title acquired under the sale upon that execution and to prevent Fellows from asserting his pretended claim under his subsequent purchase; but if there has been no redemption from the sale under the *sci. fa.*, then Fellows is already entirely cut off, and if there has been a redemption, then the Bank has received the full amount of money due, and certainly cannot complain. There are several conclusive answers why the complainant cannot maintain this bill for the purpose of removing a shadow cast upon the title acquired under the *scire facias* proceeding, by the pretended title of Fellows. In the first place, the bill is not framed with that view, nor does it allude to the former foreclosure, much less claim a title under it, which may be injur-

ed by the assertion of Fellows' title; nor does the plea show
any such title in the complainant.   Again, the complainant if he
has title acquired under the former proceedings, has the means
of contesting the pretended title of Fellows in a suit at Law
as safely and  completely  as it possibly  could  be done in a
Court of Equity, by bringing Ejectment against Fellows, who,
as the bill shows, is in possession of the premises.

It is unnecessary to inquire whether the mortgage became
merged in the judgment on the *scire facias* or not, for accor-
ding to our view of the law the title, if any was acquired
under that proceeding, relates back to the execution of the
mortgage and is conclusive against all purchasers or incum-
brancers subsequent to the recording of the mortgage.   The
mortgage is as completely  satisfied by the foreclosure un-
der  our statute, as it would  have  been  by a foreclosure in
Chancery.   They are concurrent remedies, either of which
the party may elect; but after  he has pursued one, till he
has obtained satisfaction of his debt, he ought not to be per-
mitted to harass the party with the other.   Had he foreclos-
ed his mortgage by bill in the first place, and obtained a
satisfaction of his debt by a sale of the premises, it will
hardly be insisted that he could file another bill for a strict
foreclosure, or could foreclose the mortgage again by *scire
facias* and yet, in such a case, either of those courses might
be pursued with the same propriety that this can in the pres-
ent instance.

The ground for relief set up in this bill, is a subsisting and
unsatisfied mortgage, which is now  due to the complainant,
while the plea shows that the mortgage has been satisfied to
the full amount by a sale of the mortgaged premises, under
a legal and  regular proceeding,  and it makes no difference
whether the complainant or a third person became the pur-
chaser; nor, as before remarked, does it appear whether the
premises have been redeemed from that sale or not.   The
complainant has either obtained the money due by a redemp-
tion, or has acquired all the title of the defendant, Wilson,
and paramount to that of Fellows.

It was objected on the argument, that there should have

been an answer in support of the plea; but this was not necessary nor even proper.   Where the bill does not charge any specific fact inconsistent with the plea, negativing and avoiding, as it were, the plea by anticipation, but alleges simply the ground of the plaintiff's equity, and the facts which entitle him to relief, and the plea sets up matter which, admitting the truth of the bill, shows that the complainant is not entitled to any portion of the relief sought by the bill, then the plea is a complete bar to all of the equity of the bill, and it should not be supported by an answer.   An answer in such a case would be improper, as it would overrule the plea. Story's Eq. Pl. §§ 680, 681.

The true rule on this subject undoubtedly is, that where the bill avers any fact, which, if presented by a special replication to the plea, (were that allowable,) would remove the bar, then such fact must be met by an answer.   The plea should present the legal bar alone, leaving unnoticed any matter in the bill which meets that bar, and the answer comes in to perform the office of a rejoinder to such matter in the bill as stands for a special replication to the plea.   Had the bill went on and shown that by reason of some defect, omission, or mistake, the former foreclosure had been entirely unavailing, then there would have been allegations, which might have anticipated and defeated the bar set up by the plea.   In such a case an answer would have been required.   Such was the case of *Willis* v. *Henderson,* 4 Scam. 13, where the bill showed that a mortgage had been given, and that by mistake other lands were described in it than those intended by the parties to be mortgaged; that before the mistake was discovered, the mortgage was foreclosed by a *scire facias,* and the lands bid in by the plaintiff for the amount due on the mortgage.   The bill prayed that the mistake might be corrected, and the mortgage then foreclosed, which was done.

The plea in this case, showing an entire satisfaction of the complainants' mortgage, is a complete bar to all of the equity of the bill, and was properly held to be sufficient; and it remaining unanswered in any way, the bill was necessarily dismissed.

The decree of the Circuit Court is affirmed with costs.

*Decree affirmed.*